(7 Misc. Rep. 544.)

### HEMPSTEAD v. FLAGG.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

APPEAL—OBJECTIONS WAIVED—FAILURE TO MOVE TO DISMISS.

Where defendant fails to move to dismiss at the close of the whole case, he thereby concedes that there was evidence which was entitled to consideration on the issues raised by the pleadings.

Appeal from first district court.

Action by Elias Hempstead against Ernest Flagg to recover damages for the destruction of two boilers belonging to plaintiff. From a judgment in favor of plaintiff for $92.50 damages and costs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

C. B. Mitchell, for appellant.

G. C. Coffin, for respondent.

PER CURIAM. The boilers for the destruction of which the plaintiff claims damages were in the old Hotel Clenham, at Fifth avenue and Twenty-Second street, the demolition of which, defendant, as architect and supervisor for the owners, was directing, preparatory to the building of a new structure. He made a contract with one Seagrist to take down the old building, and Seagrist was to have the old material, which included the boilers. Seagrist sold them to the plaintiff before removing them, and subsequently, as is claimed, abandoned his contract, leaving them on the premises. The plaintiff notified defendant of his purchase, and tried to sell the boilers back to him. This offer was refused, and defendant notified plaintiff to move the boilers at once. This not being done, within five days thereafter defendant directed one Briggs to take them away, and they were broken up and sold by the latter. There was a question as to whether there was undue delay, on plaintiff's part, in getting out the property, which was inclosed in a vault under the sidewalk, and as to whether he stood by and acquiesced in their destruction, when he could have removed them; but these questions of fact were disposed of by the justice in plaintiff's favor, upon evidence which supports the finding. The plaintiff's title to the property by purchase from Seagrist, which was ratified by defendant, who had authority from the owners, cannot be successfully disputed. The value of the boilers was the subject of conflicting evidence, and the finding that they were worth the moderate amount allowed ($75) ought not to be disturbed.

It is argued that plaintiff failed to prove trespass, because he had not possession, or right to immediate possession. The point that he had not proved the cause of action alleged was not taken in the court below, the motion to dismiss the complaint being made only when plaintiff rested, and placed upon the ground that he had not proven sufficient title to maintain an action either for trespass or conversion; and, there being no motion to dismiss at the close of the whole case, the defendant thereby conceded that there was evidence for the consideration of the justice upon the issue under the pleadings. This disposes of the question now raised, that plaintiff had failed to prove title and right to immediate possession. Such questions cannot be raised for the first time on appeal. The judgment must be affirmed. All concur.